785 F.2d 307
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DAVID BENDER, Plaintiff-Appellant,
v.
ELYRIA CITY POLICE DEPARTMENT; SEARS COMPANY, Defendants-Appellees.
 85-3737
 United States Court of Appeals, Sixth Circuit.
 1/21/86
 
 ORDER
 BEFORE: JONES and NELSON, Circuit Judges; and PECK, Senior Circuit Judge.
 
 
 1
 This matter is before the Court for consideration of plaintiff's motion for appointment of counsel and appeal from the district court's order dismissing the civil rights complaint. The case has been referred to a panel of the Court pursuant to Sixth Circuit Rule 9(a). Upon consideration of plaintiff's motion, informal brief and the certified record, the panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff filed a civil rights complaint under 42 U.S.C. Sec. 1983 in the district court and moved for appointment of counsel alleging that defendants deprived him of personal property without process of law. The district court sua sponte dismissed plaintiff's complaint for failure to state a claim upon which relief can be granted. In essence, the district court held that the matter was domestic in nature and should be considered initially by the state courts.
 
 
 3
 Upon consideration, this Court agrees with the lower court's decision. 42 U.S.C. Sec. 1983 cannot be used as a catch-all for suits to be brought in federal court which are traditionally within the exclusive jurisdiction of state courts. Ryan v. Aurora City Board of Education, 540 F.2d 222 (6th Cir. 1976), cert. denied, 429 U.S. 1041 (1977); Paul v. Davis, 424 U.S. 693 (1976); Tonti v. Petropoulous, 656 F.2d 212 (6th Cir. 1981). Neither negligent or intentional deprivation of a prisoner's property rights violates due process of law if there exists an adequate state remedy. Parratt v. Taylor, 451 U.S. 527 (1981). Under the authority of Parratt, in Section 1983 damage suits for deprivation of property without procedural due process, the plaintiff has the burden of pleading and proving the inadequacy of state processes including state damage remedies to redress the claimed wrong. Vicory v. Walton, 721 F.2d 1062 (6th Cir. 1983), cert. denied, 105 S.Ct. 125 (1984). The plaintiff in this case has failed to carry this burden.
 
 
 4
 It is therefore ORDERED that plaintiff's motion for appointment of counsel be and hereby is denied and the district court's decision affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.